UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZENAIDA PEREZ, | ) |
| Plaintiff, | ) 05 C 3549 |
| v. | ) Honorable Charles R. Norgle |
| GLOBE GROUND NORTH AMERICA LLC and JAMES PROFITT, | ) |
| Defendants. | ) |

# OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the court is Plaintiff Zenaida Perez's Motion for Summary Judgment. For the following reasons, the Motion is denied.

## BACKGROUND

### A. Facts

For a fuller recital of the factual background to this case, see Perez v. Globe Ground, 482 F. Supp. 2d 1023 (N.D. Ill. 2007) (denying Defendants' Motion for Summary Judgment). Defendant Globe Ground North America LLC ("Globe") provides cargo and baggage handling, aircraft fueling, aircraft cleaning, snow removal, shuttle buses, and other services at airports around the country, including Chicago's O'Hare International Airport ("O'Hare").[1] Globe is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e(b). At all relevant times, Plaintiff Zenaida Perez ("Perez") was a dispatcher and

---

[1] While this case has been pending, Globe has changed its name to Penauille Servisair LLC. To avoid confusion, the court will refer to Defendant as "Globe."

1

Defendant James Profitt ("Profitt") was a ramp supervisor for Globe at O'Hare. Profitt was not Perez's supervisor. Profitt is approximately six feet tall, and weighs approximately two hundred fifty pounds.

In her deposition testimony, Perez indicates that Profitt carried out a long pattern of sexual harassment against her beginning on some unspecified date in 2001. Perez alleges that Profitt twice brought pictures of himself masturbating into Globe's O'Hare office. On one occasion, Perez alleges, Profitt handed her these pictures. On another occasion, she alleges, Profitt placed these pictures in her mailbox. Perez also alleges that Profitt directed unwanted sexual attention towards her in various ways. Finally, Perez alleges that Profitt regularly sat in a chair next to her desk and stared at her, and began to park his car near hers in the employee parking lot, where spaces were not assigned. Perez alleges that these events occurred with the full knowledge of Globe management. Perez ultimately resigned from work at Globe, she asserts, because of this unrelenting sexual harassment.

## B. Procedural History

Perez filed a Charge of Discrimination with the Illinois Department of Human Rights and the United States Equal Employment Opportunity Commission ("EEOC") on December 3, 2003. The EEOC issued Perez a right-to-sue letter on March 24, 2005. Perez timely filed her initial Complaint against Globe on June 17, 2005. She then filed her First Amended Complaint on December 12, 2005. The First Amended Complaint alleges three causes of action: a hostile work environment based on sexual harassment, constructive discharge, and common law assault. On April 19, 2006, the court denied Profitt's Motion to Dismiss the assault count. The court denied Defendants' Motion for Summary Judgment on April 5, 2007. Perez, 482 F. Supp. 2d at 1023.

Perez filed the instant Motion for Summary Judgment on July 12, 2007. The Motion is fully briefed and before the court.

## II. DISCUSSION

### A. Standard of Decision

Summary judgment is permissible when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The nonmoving party cannot rest on the pleadings alone, but must identify specific facts, see Cornfield v. Consolidated High Sch. Dist. No. 230, 991 F.2d 1316, 1320 (7th Cir. 1993), that raise more than a mere scintilla of evidence to show a genuine triable issue of material fact. See Murphy v. ITT Technical Services, Inc., 176 F.3d 934, 936 (7th Cir. 1999).

In deciding a motion for summary judgment, the court can only consider evidence that would be admissible at trial under the Federal Rules of Evidence. See Bombard v. Fort Wayne Newspapers, Inc., 92 F.3d 560, 562 (7th Cir. 1996). The court views the record and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party. FED. R. CIV. P. 56(c); see also Perdomo v. Browner, 67 F.3d 140, 144 (7th Cir. 1995). "In the light most favorable" simply means that summary judgment is not appropriate if the court must make "a choice of inferences." See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); see also First Nat'l Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 280 (1968); Wolf v. Buss (America) Inc., 77 F.3d 914, 922 (7th Cir. 1996). The choice between reasonable inferences from facts is a jury function. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

When a party moves for summary judgment, the court must view the record and all inferences in a light most favorable to the nonmoving party. Ameritech Benefit Plan Comm. v.

3

Communication Workers of Am., 220 F.3d 814, 821 (7th Cir. 2000). However, the inferences construed in the nonmoving party's favor must be drawn from specific facts identified in the record that support that party's position. Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 922-23 (7th Cir. 1994). Under this standard, "[c]onclusory allegations alone cannot defeat a motion for summary judgment." Thomas v. Christ Hospital and Medical Center, 328 F.3d, 890, 892-93 (7th Cir. 2003) (citing Lujan v. Nat'l Wildlife Federation, 497 U.S. 871, 888-89 (1990)).

## B. Plaintiff's Motion for Summary Judgment

### 1. A Hostile Work Environment Based on Sexual Harassment

Under Title VII, employers may not "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e-2(a)(1). Courts have interpreted this statute to prohibit employers from forcing employees to "work in a discriminatory hostile or abusive environment." Shanoff v. Ill. Dept. of Human Serv., 258 F.3d 696, 701 (7th Cir. 2001) (citing Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)). Perez asserts that given the available evidence in this case, a rational jury could find only that she was subject to such an environment.

However, Defendants have submitted evidence that creates a genuine issue of material fact as to whether the allegedly discriminatory or abusive acts occurred, or whether these incidents, if they did occur, were offensive to Perez. See Hilt-Dyson v. City of Chicago, 282 F.3d 456, 462-63 (7th Cir. 2002) (in order for workplace conduct to be considered hostile or abusive, the conduct must be "both objectively and subjectively offensive."). This evidence includes the following. James Carpenter ("Carpenter"), a Duty Manager at Globe, asserts in an

4

Affidavit that (1) he worked in the same office as Perez, (2) the office is small enough so that individuals in the room can easily see and hear each other, and (3) he never saw Profitt touch Perez inappropriately, stare at her, or make inappropriate comments to her. Stergianos Vogdanos ("Vogdanos"), a Duty Coordinator at Globe, asserts in an Affidavit that (1) he never saw Profitt touch Perez inappropriately, stare at her, or make inappropriate comments to her, (2) he never witnessed Profitt violate Globe's sexual harassment policy, and (3) when Perez saw the pictures of Profitt masturbating, she laughed about the size of Profitt's penis, and joked that she would put the pictures in a coworker's locker. Perez admits, in her deposition testimony, that she does not know who put the masturbation photographs into her locker. Considering the evidence in the light most favorable to the nonmoving parties, Globe and Profitt, the court finds that there are genuine issues of material fact regarding whether the work environment at Globe was hostile or abusive towards Perez. See Ameritech Benefit Plan Comm., 220 F.3d at 821; Payne v. Pauley, 337 F.3d 767, 771-72 (7th Cir. 2003) (affidavits based on personal knowledge sufficient to defeat a motion for summary judgment).

### 2. *Constructive Discharge*

In order to establish a claim of constructive discharge, a plaintiff must demonstrate that her working conditions were "'so intolerable that a reasonable person would have felt compelled to resign.'" Patton v. Keystone RV Co., 455 F.3d 812, 818 (7th Cir. 2006) (quoting Pa. State Police v. Suders, 542 U.S. 129, 147 (2004)). "To advance such a claim, an employee's working conditions 'must be even more egregious than the high standard for hostile work environment because an employee is expected to remain employed while seeking redress.'" Roney v. Ill. Dep't of Transportation, 474 F.3d 455, 463 (7th Cir. 2007) (quoting Patton, 455 F.3d at 818)).

In this case, Defendants have submitted evidence that creates a genuine issue of material fact as to whether the work environment at Globe was so intolerable that Perez "felt compelled to resign." Patton, 455 F.3d at 818. This evidence includes the following. In deposition testimony, Perez indicates that she had a job offer from another company before her November 7, 2003 meeting with Carpenter. In his Affidavit, Carpenter asserts that, during the November 7 meeting, Perez asked for a raise, and stated that if she did not receive one, she would resign. Carpenter also asserts, in his Affidavit, that during this meeting he informed Perez that she would not receive a raise. Again considering the evidence in the light most favorable to the nonmoving party, the court finds that there are genuine issues of material fact as to why Perez resigned her position at Globe. See Payne, 337 F.3d at 771-72.

### 3. *Assault*

Under Illinois common law, a civil assault is "an intentional, unlawful offer of corporeal injury by force, or force unlawfully directed, under such circumstances as to create a well-founded fear of imminent peril, coupled with the present ability to effectuate the attempt if not prevented." Parrish v. Donahue, 443 N.E.2d 786, 788 (Ill. App. Ct. 1982); see also Contreras v. Suncast Corp., 129 F. Supp. 2d 1173, 1182 (N.D. Ill. 2001). "A claim for assault must include an allegation of a reasonable apprehension of an imminent battery." Contreras, 129 F. Supp. 2d at 1182. Illinois law defines a civil battery as "the wilfull touching of the person of another or a successful attempt to commit violence on the person of another." Parrish, 443 N.E.2d at 788. Taking the evidence outlined above in the light most favorable to Defendants, the court finds that genuine issues of material fact exist as to whether Perez was subjected to civil assault as defined under Illinois law. See Payne, 337 F.3d at 771-72.

## III. CONCLUSION

For the foregoing reasons, the court denies Perez's Motion for Summary Judgment.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

Dated: Oct. 2, 2007